IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD G. COMMANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-735-L |
| ) | |
| INTERMEDICS ORTHOPEDICS, INC., ) | |
| SULZER ORTHOPEDICS, INC., ) | |
| (a/k/a SULZERMEDICA AG), ) | |
| SULZERMEDICA, LTD., ) | |
| SULZER LTD. (a/k/a SULZER AG), and ) | |
| WILKINS MEDICAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

In this action removed from state court, plaintiff Edward G. Commander alleges that defendants produced a defective knee prosthesis that was installed in and later removed from plaintiff's knee. Since the time plaintiff filed his lawsuit, he has learned that the allegedly defective prosthesis cannot be located by plaintiff's surgeon, and is apparently lost. This matter is before the court on the Application of Plaintiff to Dismiss Case Without Prejudice **[Doc. No. 25]**. The defendants have filed an Opposition to plaintiff's motion and plaintiff was allowed to file a reply brief.

Fed. R. Civ. P. 41(a)(2) provides that an action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and

conditions as the court deems proper. . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

When considering whether to grant a motion to dismiss without prejudice, the court must determine whether defendants will suffer prejudice.  Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993).  Dismissal without prejudice is generally allowed unless the defendants would "suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  Keal v. Monarch Life Ins. Co., 126 F.R.D. 567, 569 (D.Kan. 1989) (citation omitted).  In Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354 (10th Cir. 1996), the court noted that the Tenth Circuit Court of Appeals adopted a set of factors the court should consider in determining whether defendants would suffer prejudice as a result of the requested dismissal without prejudice.

These factors include the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a dismissal.  The court may also consider the present stage of the litigation.  It also appears appropriate for the court to consider the expenses that would be duplicated by a second trial.  These non-exclusive factors need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss.  Rather, they are guides for the court.  Id., at 358 (citations and quotations omitted).

Defendants assert that although plaintiff became aware on September 30, 2004 that the allegedly defective prosthesis was lost, he did not move to dismiss the case at that time, choosing to do nothing until the eve of his expert witness disclosure deadline in May of 2005. According to defendants, plaintiff's excessive delay and lack of diligence in pursuing his case has resulted in the expenditure of nearly $25,000.00 in defending this case on the merits. Defendants ask that the court dismiss plaintiff's case with prejudice, or alternatively, that the court place conditions on any dismissal without prejudice. In this regard, defendants request, among other things, an award of their attorneys fees in defending this action thus far. Defendants have submitted an affidavit in support of their fee request.

In his reply brief, plaintiff does not specifically address defendants' alternate request for conditions on any dismissal without prejudice and does not dispute defendants' claims regarding their actions in pursuing a defense of this matter. Plaintiff states that he requests dismissal without prejudice in the event the prosthesis is recalled and that he believes he will learn "pertinent information" regarding the prosthesis in an upcoming deposition scheduled in a related state court matter.

In applying the pertinent factors to the circumstances of this case, the court believes that the strongest factor tending to show that defendants have suffered undue prejudice is the excessive delay between the time plaintiff learned the prosthesis was missing and the time he filed the present motion to dismiss. It is

understandable that defendants would continue to prepare for their defense in the case in light of plaintiff's decision to not dismiss his case.  However, even in considering this factor, the court notes that the record does not reflect that any depositions have been taken.  A dispositive motion, though contemplated, was not filed.  Therefore, although some discovery has obviously taken place, it has not been extensive.  It would appear that the discovery that has been done would be of some value if the case is ever refiled.

Without minimizing defendants' efforts and expenses incurred in the time period prior to plaintiff's motion, the court finds that all the factors do not weigh in favor of a dismissal with prejudice.  The court finds that foreclosing plaintiff's claim in this way would be unnecessarily harsh under the circumstances.  The court finds that dismissal without prejudice is appropriate, subject to certain conditions.

Accordingly, the Application of Plaintiff to Dismiss Case Without Prejudice **[Doc. No. 25]** is **GRANTED as follows: Plaintiff's action is DISMISSED WITHOUT PREJUDICE.  Upon any future refiling of this case, the court will consider entering an order stating that any discovery conducted in this case shall be fully applicable in the subsequent action.  Also, to ensure that defendants do not incur unreasonable duplicative costs or attorneys fees, the court may also consider ordering plaintiff to reimburse defendants for any duplicative costs or fees that are shown to have been incurred by**

**defendants as a direct result of the refiling.**

It is so ordered this 13th day of June, 2005.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge